[No. 3,993.]

## A. S. HEMSTREET v. JOHN WASSUM.

FORCIBLE ENTRY AND DETAINER.—The Code of Civil Procedure provides for the entire field of forcible entry and detainer, and when it went into effect on the 1st day of January, 1873, effected a repeal of all prior statutes upon that subject.

REPEAL OF AN AMENDATORY ACT.—The repeal of an Act effects a repeal of an Act amendatory of the Act repealed.

APPEAL from the County Court, County of Colusa.

The defendant appealed.
The other facts are stated in the opinion.

*A. L. Hart,* for the Appellant.

*S. T. Kirk,* for the Respondent.

By the Court, RHODES, J.:

This is an action brought by a landlord against his tenant, for holding over after the expiration of his term. The action was commenced August 11, 1873, and the summons was served by posting a copy of the summons and complaint on the front door of the house standing on the land, and by delivering a copy of the summons to a person who was in occupation of the land, or some portion of it. This service was made under the Act of March 11, 1872, amendatory of the Forcible Entry and Detainer Act of 1863 (Statutes 1871–2, p. 318), which provides, among other things, that "the summons shall be served by delivering a copy thereof upon the occupant of the premises described in the complaint, or by leaving such copy on the premises in a conspicuous place." The Code of Civil Procedure, Section 1,159, and following, provides for the entire field of forcible entry and detainer (including the holding over of tenants, etc.,) and a complete mode of procedure in those cases is there prescribed. Among other things, Section 1,167 provides that the summons "must be served and returned in the same manner as the summons in a civil action is served and returned." It is manifest that the intent of the Legislature, was to reduce the law upon the subject

of forcible entry and detainer to one system, and the pro-
vision of Section 4, to the effect that the Code establishes
the law of this State, respecting the subject to which it
relates, accords with this view. Section 4,478 declares that
the codes must be construed as though each had passed on
the first day of the session of 1871-2. From this it results
that the chapter of the Code relating to actions of forcible
entry and detainer, repealed by implication the Act of
1863, relating to the same subject—that is to say, the tak-
ing effect of that chapter of the Code on the 1st day of
January, 1873, operated as a repeal at that time of the
former Act. The amendment to the former Act, though it
remained in force from the time it took effect, up to the
time when the Code went into effect, was repealed and fell
with the Act of which it was amendatory. After the 1st
day of January, 1873, therefore, the summons in an action
of the nature of the one at bar, must be served in the man-
ner prescribed by the Code. The service of the summons
in this case, in the manner already mentioned, not being
authorized by the Code, was not sufficient to give the Court
jurisdiction of the defendant, and therefore the judgment
by default cannot be sustained.

　　Judgment reversed and cause remanded. Remittitur
forthwith.

　　Mr. Justice NILES did not express an opinion.