[No. 6,395.]

## GOODWIN & CO. *v.* BUCKLEY ET AL.

ATTACHMENT—CODE AMENDMENT REPEAL.—The amendment to § 539 of the Code of Civil Procedure, approved March 24th, 1874, to go into effect July 1st, of that year, was repealed by the amendment to the same section of March 24th, 1874.

APPEAL from an order denying defendant's motion to discharge an attachment, in the Twenty-third District Court, City and County of San Francisco.

*Jos. M. Nougues*, for Appellant.

*J. M. Wood*, for Respondents.

Department No. 2, MORRISON, C. J.:

This is an appeal from an order of the late District Court of the Twenty-third Judicial District, made on the 3rd day of September, 1878, denying defendants' motion to discharge an attachment issued in the above entitled action.

In the transcript is found a stipulation that a complaint in proper form, and sufficient to justify the issuance of an attachment, was duly filed in the action. It also appears from the transcript that an affidavit for an attachment was filed in the case, and that thereupon a writ of attachment was duly issued on the 6th day of July, 1875.

On the 2nd of September, 1878, defendants gave notice of a motion to discharge the attachment, and after hearing said motion, the District Court, on the 3rd day of September, 1878, denied the same, whereupon defendants took an appeal to this Court, and assign as error the refusal of the Court below to dissolve the attachment.

In the notice of motion, defendants assign several grounds, but it is only necessary to notice the fifth, as that was the only ground relied upon on the argument of the appeal. It is as follows:

" 5th. The undertaking on attachment, filed by and on behalf of the plaintiff, omits and does not contain any covenant, con-

dition, or obligation to the effect that plaintiff will pay all costs, including reasonable attorney fees, that may be adjudged to the defendants, and all damages which they may sustain by reason of the attachment, not exceeding the sum specified in the undertaking, if the attachment be wrongfully issued."

The difficulty in this case grows out of two conflicting and contradictory acts of the Legislature, one of which was passed March 24th, 1874, to go into effect July 1st of that year, and the other was passed March 30th, 1874, to go into effect immediately. The undertaking was given under the latter act, and is sufficient if that act was in force at the time. But it is claimed that after July 1st, 1874, the Act of March 24th was in full force and effect, and under that act the undertaking is obviously defective and insufficient. The argument is, that as the Act of March 24th was not to go into effect until July 1st, 1874, the Act of March 30th, which went into effect immediately after its passage, did not repeal it, as it was simply the intention of the Legislature, by the last enactment, to cover the interval between the 30th of March and July 1st, during which the Act of March 24th was suspended.

The question now being considered does not involve the problem of two acts of the Legislature, containing conflicting and repugnant clauses; but the simple question is, which of the two acts in question was in force at the time the attachment was issued—that is to say, on the 6th of July, 1876; and upon this question we entertain no doubt. Both the Act of March 24th and that of March 30th were amendments to the same section (539) of the Code of Civil Procedure, and but for the fact that the Act of March 24th was not to go into effect until July 1st, it is quite probable that this controversy would not have arisen. The mere fact, however, that the first act was not to go into effect until a day subsequent to that upon which the second act was passed, does not change the rule that the last act is the latest expression of the legislative will, and must prevail. It was within the power of the Legislature to declare that an act which was to take effect on a future day never should take effect, and this they did by passing the Act of March 30th.

In the case of the *Southwark Bank* v. *The Commonwealth*,

(26 Penn. St. 449) the Supreme Court of Pennsylvania says: "But it is said that the legislative power cannot nullify or revoke a bill until it has gone through all the forms necessary to give it the effect of law. There is neither principle, convenience, nor authority to support this position. The power to repeal a law involves the power to abrogate a bill in its progress before it becomes a law. The greater power includes the lesser." (*Jamison* v. *Jamison*, 3 Wharton, 457.)

So in this case, it was perfectly competent for the Legislature to declare in advance that an act which, by its terms, was to take effect at a future day, should never go into operation at all. This it clearly did when, on the 30th of March, it again amended § 539 of the Code of Civil Procedure.

The argument, that the Act of March 30th was simply intended to bridge over the time during which the Act of March 24th was dormant, loses its force in view of the fact that there was already in existence the old section (539) of the Code of Civil Procedure on the same subject. The Act of March 30th, 1874, is without any limitation as to the time it should continue in force and effect; and we find no authority for holding that it expired on the 1st day of July of that year.

The undertaking being in proper form under the act last above mentioned, the Court below was correct in denying defendants' motion to discharge the attachment. There is nothing in the case of *Hemstreet* v. *Wassum*, (49 Cal. 273) in conflict with this opinion. Order appealed from affirmed.

MYRICK, J., SHARPSTEIN, J., and THORNTON, J., concurred.