71    15|
142    56|

[No. 20210.    Department One — September 20, 1886.]

## THE PEOPLE, RESPONDENT, v. A. SALVADOR, APPELLANT.

CRIMINAL LAW — GRAND LARCENY — STEALING GOLD-DUST FROM MINING CLAIM — ACT OF MARCH 20, 1872. — The act of March 20, 1872, entitled "An act supplementary to an act concerning crimes and punishments, passed April 16, 1850," and providing that the felonious stealing, taking and carrying away of gold-dust from a mining claim shall be grand larceny, is not an amendment to the latter act, and must be construed as having been passed subsequent to the passage of the Penal Code, and to be still in force.

APPEAL from a judgment of the Superior Court of Nevada County.

The facts are stated in the opinion of the court.

*H. McCormick, T. S. Ford,* and *Henry E. Highton,* for Appellant.

*Attorney-General Marshall,* and *W. D. Long,* for Respondent.

Ross, J. — Under and by virtue of an act approved March 20, 1872 (Stats. 1871–72, p. 435), entitled "An act supplementary to 'an act concerning crimes and punishments,' passed April 16, 1850," the defendant was charged by information with the crime of grand larceny committed on the fourteenth day of March, 1886, in the county of Nevada, by feloniously stealing, taking, and carrying away, from a certain described mining claim and the ground sluices thereof, a certain quantity of gold-dust.

For the defendant, it is contended that the law in question was not in force at the time of the commission of the alleged offense. As has been said, it was approved and it went into effect March 20, 1872. At the same session of the legislature the codes were adopted, and by sections 4478 and 4479 of the Political Code it was provided as follows:—

"Sec. 4478. With relation to the laws passed at the present session of the legislature, the Political Code, Civil Code, Code of Civil Procedure, and Penal Code must be construed as though each had been passed on the first day of the present session.

"Sec. 4479. If the provisions of any law passed at the present session of the legislature contravene or are inconsistent with the provisions of either of the four codes, the provisions of such law must prevail."

The taking effect of the Penal Code on the first day of January, 1873, operated a repeal at that time of the old Crimes and Punishments Act of April 16, 1850. (*Hemstreet* v. *Wassum,* 49 Cal. 273.) But the act of March 20, 1872, under which the present prosecution was had, was

not an amendment of that act. If it had been, it would have fallen with the act of which it was amendatory. (*Hemstreet* v. *Wassum, supra.*) But the act of March 20, 1872, was an independent statute, making that grand larceny which before had not been such, and by virtue of sections 4478 and 4479 of the Political Code, must be construed as having been passed subsequent to the passage of the Penal Code, and to be a valid enactment.

The information was sufficient.

Judgment affirmed.

McKINSTRY, J., and MYRICK, J., concurred.