Argued October 13, affirmed November 10, 1954

CITY OF ALBANY *v.* ARNOLD ET AL.

276 P2d 389

Robert M. McKechnie, City Attorney of Albany, argued the cause for appellant. On the brief were Long & McKechnie, of Albany.

Courtney R. Johns, District Attorney, of Albany, argued the cause and filed a brief for respondents.

Before LATOURETTE, Chief Justice, and ROSSMAN, TOOZE and PERRY, Justices.

PER CURIAM.

This is an appeal by the plaintiff, city of Albany, a municipal corporation, from a judgment dismissing a proceeding in mandamus.

This proceeding involves the plaintiff's claim that it is entitled to a deed from the county of Linn, conveying to it title to lot 8, block 5, Rosemont Addition to the city of Albany, Linn county, Oregon. The city claims various improvement liens upon the land which is located within its corporate limits. The case requires consideration of the application, construction, and interpretation of the provisions of § 86-143, OCLA, and § 110-925, OCLA.

Prior to May 26, 1951, Linn county acquired title to the above-described property through tax foreclosure proceedings. Also, prior to May 26, 1951, the

county took steps to sell the property pursuant to statutory authority, and received from Tripp & Tripp a bona fide offer to purchase it for the sum of $775. Under date of May 26, 1951, H. M. Russell, county clerk of Linn county, sent the following written notice to the city of Albany:

"TO THE CITY OF ALBANY
ALBANY, OREGON

"You are hereby notified, pursuant to Chapter 210, 1935 laws for the State of Oregon, that Linn County has received a bonafide bid of $775.00, for the following described property, situated in Albany, Oregon, to-wit:

"Lot 8, Block 5, Rosemont Addition to the City of Albany, Linn County, Oregon, as the same appears and is designated on the recorded plat of said addition to said City, in Linn County, Oregon;

"The above property was acquired by Linn County, pursuant to foreclosure proceedings on delinquent taxes, and the Statute provides that should your city have any unpaid lien thereon, for local improvements, said City shall have the exclusive right to purchase said tract of land from said county, at as favorable a price as has been offered said County.

"Should no steps be taken by the City of Albany to purchase said land from Linn County, on or before twenty days from the date of this notice, then Linn County will proceed to advertise the same for sale, to the highest bidder, for which the sum of $775.00 has been fixed by the Court.

"WITNESS my hand and seal of the County Court affixed this 26th day of May, 1951.

"R. M. RUSSELL, County Clerk
By [Sgd.] Amy M. Ross".

Within 20 days after the receipt of such notice, the city of Albany tendered to the county payment of the

amount of delinquent taxes due against the property, plus an additional amount for the proportionate costs of the county quieting title, and requested from the county a deed to the land. The county refused to convey the property to the city, returned the amount tendered by the city, together with its own warrant in the sum of $589.67, being the total amount of the city liens. The city refused the county's tender, returning the items. Under date of August 14, 1951, the county court addressed the following letter to the city (omitting formal parts):

"You did not comply with Sec. 110-925 O.C.L.A. in any respect from after receiving formal notice of an intended sale by the County of Linn Lot 8 Block 5, Rosemont Addition.

"However, Linn County offered to protect you on your assessments and liens and has offered to pay them in the full amount of the computed value at $589.67.

"However, this offer will not continue indefinitely. You may obtain the county warrant in the amount of $589.67 heretofore tendered you and now held by us in the Linn County Court house at our office, at any time until five p.m. D.S.T., August 17, 1951. After such date our offer to protect you on your leins [sic] and assessments and to pay you the amount of such warrant will be withdrawn.

"In so far as the deed to the property is concerned, the property has heretofore been conveyed by a deed now on record.

> "Yours very truly yours [sic],
> Linn County Court
> "[Sgd.] E. G. Arnold
> County Judge
> "[Sgd.] W. E. Downing
> County Commissioner
> "[Sgd.] Floyd D. Jenks
> County Commissioner".

Prior to the mailing of this letter, the property had been deeded to Tripp & Tripp by the county, and the deed was recorded.

On August 21, 1951, plaintiff instituted this proceeding in mandamus to compel the county court of Linn county to execute a deed to it for the property in question.

 It is doubtful that the amended alternative writ of mandamus states facts sufficient to constitute a cause of action. It also is questionable that mandamus will lie; particularly in the light of the fact that prior to the commencement of the action, the property had been deeded to a third party. However, we need not decide those questions on this appeal. The city failed to file with the clerk of the county court "a description of the property in such notice contained against which such municipal corporation claims assessment liens for local improvements thereto", as demanded by the provisions of § 86-143, OCLA. Under those circumstances, the county was not authorized nor required to give the notice it did, presumably pursuant to the provisions of § 110-925, OCLA, nor to make the tender which it made. The giving of that notice in nowise relieved the city from its mandatory duty to give the notice required by § 86-143, OCLA, as a condition for the enforcement of its statutory rights.

In *Central Or. Irr. Dist. v. Deschutes County,* 168 Or 493, 504, 124 P2d 518, Mr. Justice BAILEY analyzed and construed §§ 86-143, OCLA, and 110-925, OCLA; and it is unnecessary for us to repeat that discussion. He stated:

"Before a municipal corporation that claims a lien for local improvements on real property is entitled to be notified by registered mail that the county has received a *bona fide* offer for the pur-

chase of such property [§ 110-925, OCLA], *it must have delivered to the county clerk a description of the property* mentioned in the published notice of sale *on which it claims such lien, which description must have been filed with the county clerk prior to the date set for such sale* in the notice published by the sheriff [§ 86-143, OCLA]. The plaintiff in this case filed no such description, and therefore it was not entitled to be notified by the county clerk that a *bona fide* offer had been received by the county, * * *." (Italics ours.)

■ The two statutes being in pari materia must be construed together, and were so construed by Mr. Justice BAILEY. We refrain from quoting the statutes under discussion, as they are set forth in detail, so far as material, in the *Central Or. Irr. Dist.* case, supra. This case is controlled by the decision in that case.

The judgment is affirmed.