Argued and submitted December 7, 1979,
appeal dismissed March 10,
reconsideration denied April 17,
petition for review denied June 10, 1980 (289 Or 275)

In the matter of Mathew Timothy Leroy, a child.
# STATE ex rel JUVENILE DEPARTMENT
# OF LANE COUNTY,
*Appellant,*

*v.*

# LEROY,
*Respondent.*

(No. 79-196, CA 14709)

607 P2d 772

James L. Hunt, Assistant District Attorney, Eugene, argued the cause for appellant. With him on the brief was J. Pat Horton, District Attorney, Eugene.

William H. Martin, Eugene, argued the cause for respondent. With him on the brief was Mary Jane Mori, Certified Law Student, and Leonard and Martin, Eugene.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, C.J.*

[65]

## PER CURIAM

---

*Schwab, C.J., *vice* Lee, J., deceased.

**PER CURIAM**

In this juvenile proceeding the respondent child was accused of murdering his sister. Prior to a hearing on a petition filed pursuant to ORS 419.476 and 419.482, he moved to suppress evidence of the results of a luminol test administered to determine the presence of blood and subsequent statements made by the juvenile to the authorities. After an evidentiary hearing on the motion, the juvenile court allowed the motion *in toto.* The state has appealed, as if it were appealing a suppression order under ORS 138.060(3). Respondent has not raised the issue of whether the state is entitled to appeal, but we are obligated to determine whether we have jurisdiction. *Hermiston v. ERB,* 280 Or 291, 570 P2d 663 (1977).

ORS 419.561(1) and (4) provide:

"(1)   Any person whose right or duties are adversely affected by a final order of the juvenile court may appeal therefrom. An appeal from a circuit court shall be taken to the Court of Appeals, and an appeal from a county court shall be taken to the circuit court.

"* * * * *

"(4)   An appeal to the Court of Appeals shall be conducted in the same manner as an appeal in an equity suit and shall be advanced on the court's docket in the same manner as appeals in criminal cases."

There are no other provisions for appeal from juvenile court. The order of suppression was not in any sense a final order, and it was not appealable. If this result illuminates a defect in the law applicable to juveniles, rectification is a legislative responsibility.[1]

Appeal dismissed.

---

[1] *See Or Laws 1979, ch 588; ORS 419.561; ORS 419.578.*