On respondent's motion to dismiss filed April 24,
appeal dismissed June 16, 1980

In the Matter of Gates, Michele Dee,
A Minor Child,
STATE EX REL JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Appellant,*
*v.*
GATES,
*Respondent.*

(No. 54,117, CA 16971)

612 P2d 734

Gary B. Bertoni, Portland, for the motion.

James M. Brown, Attorney General, Walter L. Barrie, Solicitor General, and Robert C. Cannon, Assistant Attorney General, Salem, contra.

Before Schwab, Chief Judge, and Thornton and Buttler, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

In this juvenile proceeding, the state has filed notice of appeal from a pretrial order ruling that certain statements made by defendant will be inadmissible at trial. Defendant's motion to dismiss the state's appeal is presently before us.

In *State ex rel Juv. Dept. v. Leroy,* 45 Or App 65, 607 P2d 772, *rev den* (1980), this court held that under the pre-1979 statutes the state had no right to appeal from a pretrial order suppressing evidence in a juvenile proceeding. In *Leroy* we noted, however, the existence of 1979 statutory amendments not applicable to that case. 45 Or App at 67, n 1. The question now is whether those 1979 amendments grant the state the right to appeal in this case.

Oregon Laws 1979, ch 588, enacted ORS 419.578 and amended ORS 419.561. ORS 419.578 provides:

"Except as provided in subsection (1) of ORS 484.395, proceedings in adult criminal court and other juvenile court adjudicatory proceedings based on an act alleged in a petition or citation to have been committed by a child or allegations arising out of the same conduct are barred when the juvenile court judge or referee has begun taking evidence in an adjudicatory hearing or has accepted a child's admission or answer of no contest to the allegations of the petition or citation. This section shall not prevent appeal of any preadjudicatory order of the court which could be appealed in a criminal case, including, but not limited to, an order suppressing evidence."

As amended, ORS 419.561(1) provides:

"Except as provided in ORS 419.578, any person whose right or duties are adversely affected by a final order of the juvenile court may appeal therefrom. An appeal from a circuit court shall be taken to the Court of Appeals, and an appeal from a county court shall be taken to the circuit court."

We find no support in these statutes for the state's claimed right of appeal. The statement in ORS 419.578 — that ORS 419.578 "shall not prevent appeal" by the

state — does not create a right of appeal; it merely recognizes that whatever appeal rights otherwise exist are not impaired by ORS 419.578. The other statute quoted above, ORS 419.561(1), is the basis of appeal rights in juvenile cases. It continues to provide that appeals can only be taken from "a final order of the juvenile court" — which obviously does not include a pretrial suppression order — "[e]xcept as provided in ORS 419.578."

The meaning of the exception clause in ORS 419.561(1) is far from clear. Read literally, it seems to mean that certain final orders of juvenile courts are *not* appealable. Given the statutory double-jeopardy rule stated in the first sentence of ORS 419.578, it may have been intended to prohibit the state from appealing from a final juvenile court decision where, in an analogous situation, the state could not appeal from a final criminal court decision. But we need not here attempt any definitive interpretation of the exception clause in ORS 419.561(1), because it is sufficient for present purposes to conclude that it does not create a right to appeal from pretrial orders.

The legislative history of Oregon Laws 1979, ch 588, does not document any intent to create new appeal rights. When this was before the legislature, almost all attention focused on the double-jeopardy provision now codified as the first sentence of ORS 419.578. Minutes, House Judiciary Committee (January 25, 1979, and February 1, 1979). To the very limited extent that appeal rights were mentioned at all, the stronger implication is that the intent was generally to attempt to preserve existing appeal rights. There is some implication that some members of the legislature may have believed that the existing law in early 1979 permitted the state to appeal from a juvenile court's pretrial suppression order. But any such understanding was then incorrect. *State ex rel Juv. Dept. v. Leroy, supra.* And it remains incorrect now.

Appeal dismissed.