Argued March 4; reversed April 14, 1942

# CENTRAL OREGON IRRIGATION DISTRICT *v.*
# DESCHUTES COUNTY ET AL.

(124 P. (2d) 518)

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*George H. Brewster*, of Redmond (Cunning & Brewster, of Redmond, on the brief), for appellant.

*Irving D. Brown*, of Bend, for respondent.

BAILEY, J. This proceeding was instituted by Central Oregon Irrigation District, organized as an irrigation district under the laws of the state of Oregon, against Deschutes county, Oregon, Nick Peterson, and R. H. Fox and Jane Doe Fox, husband and wife, for a declaratory judgment interpreting § 110-925, O. C. L. A., as determining the rights of the litigants in and to the south half of the southeast quarter of section 25, township 17 south, range 12 east, Willamette meridian, in Deschutes county.

The complaint, designated "application for declaratory judgment", alleges that the tract of land hereinabove described is situated within the plaintiff's irrigation district and contains twenty-six acres of land subject to irrigation and to assessment by the plaintiff irrigation district for water charges and improvements; that such land has been assessed by the plaintiff since the year 1922; that prior to 1938 Deschutes county instituted proceedings to foreclose its lien on the real property here involved, for unpaid taxes for state, county and school purposes; and that such proceedings resulted in the sale to and purchase by the

county of such real property. At the time of the purchase of the tract of land by Deschutes county there were standing against it on the tax records of that county unpaid assessments due to the irrigation district, which we assume, although this is not clearly stated, were levied for local improvements. No question is raised as to the validity of the foreclosure proceedings.

After the sale of the tract of land to Deschutes county, that county sold or attempted to sell and convey the property to the defendant Nick Peterson; and thereafter Peterson attempted to sell and convey the tract to the defendant R. H. Fox, who "now claims to be the owner of said property, free and clear of all claims of the plaintiff for assessments and any and all rights of plaintiff in and to said land, although said assessments of plaintiff have never been paid."

The complaint further states that Deschutes county attempted to sell the property to Peterson under the provisions of chapter 137, Oregon Laws 1937, now codified as § 110-925, O. C. L. A., but that the county "failed and neglected to notify plaintiff irrigation district, by registered mail or otherwise, that a *bona fide* offer had been received by the county for the purchase of the property". The plaintiff also alleges that it was at all times "ready, able and willing to appear and protect its assessments by paying the state and county taxes, or the amount offered by the proposed purchaser, whichever amount was the least; and if plaintiff had been notified, as provided in chapter 137, Laws of Oregon 1937 [§ 110-925, O. C. L. A.], plaintiff would have appeared and would have purchased said land."

All the defendants except Nick Peterson appeared and demurred to the complaint, on the ground that it

failed to state facts sufficient to constitute a cause of action against them. The circuit court sustained the demurrers and, on the plaintiff's failure to plead further, dismissed the cause as to the demurring defendants, without making any declaration as to the rights of the respective parties. The plaintiff appeals.

The principal question here involved is whether the assessment for local improvements levied by the plaintiff against the property hereinabove described was extinguished because the county clerk had not, before the property was sold to Peterson, notified the plaintiff by registered mail of Peterson's offer to purchase.

■ In determining the rights of the respective parties, § 110-925, O. C. L. A., on which the plaintiff relies, must be considered in connection with § 86-143, O. C. L. A. Both these sections were enacted in 1937, § 110-925 as chapter 137, and § 86-143 as chapter 402, Oregon Laws 1937. Chapter 402, which contained an emergency clause that made it immediately effective, was approved by the governor and filed with the secretary of state subsequently to the signing and filing of chapter 137.

Section 110-925, O. C. L. A., provides in part as follows:

"Whenever any county shall have acquired any real property by foreclosure for delinquent taxes, the conveyance shall vest in said county title to said property, free from all liens and incumbrances, but shall not extinguish any assessment levied by any municipal corporation for local improvements to said property, except as herein provided. Any private purchaser at resale of such property by the county shall acquire title thereto free and clear of all assessments for local improvements levied by any municipal corporation; provided, however, that before any such property shall be sold by a county to a private purchaser, any mu-

nicipal corporation having any lien thereon for local improvements shall be given written notice by registered mail addressed to the city recorder, auditor or secretary, as the case may be, by the clerk of the county court or board of county commissioners of such county, that a *bona fide* offer has been received by such county for the purchase of such property. Thereupon, such municipal corporation shall have the exclusive right for a period of twenty (20) days from and after the date of such notice to purchase said property from the county for a sum equal to the total amount of the unpaid taxes and costs against said property to the date of its conveyance to the county, exclusive of any portion thereof levied by said municipal corporation, without interest or penalties, but in no case shall the municipal corporation be required to pay a price greater in amount than that at which said property may have been offered to any third party''.

According to the allegations of the complaint, no notice was given to the plaintiff in compliance with the requirements of the section quoted. The defendants take the position that the property involved herein was sold pursuant to § 86-143, O. C. L. A., and that no notification was required to be given the plaintiff by the county clerk that a *bona fide* offer had been received by the county, unless the plaintiff had filed with the county clerk a description of the property against which the plaintiff claimed assessment liens for local improvements.

Section 86-143, O. C. L. A., in so far as bearing upon this proceeding, provides that whenever any county court or board of county commissioners may deem it advisable to sell any real property acquired by such county on foreclosure of delinquent taxes, it shall enter an order fixing the minimum price for which the property may be sold and the conditions and terms

of sale, and directing the sheriff to sell such property. Upon receiving the order the sheriff is required to publish a notice of sale in a newspaper of general circulation in the county, for four consecutive weeks, stating the time and place of sale and the minimum price at which the property may be sold. Proof of publication of such notice is to be made by the sheriff in the same manner as proof of publication of summons. This statute further provides as follows:

". . . Prior to the date set for such sale each municipal corporation shall file with the clerk of the county court or board of county commissioners a description of the property in such notice contained against which such municipal corporation claims assessment liens for local improvements . . .

\*        \*        \*        \*        \*

"At the time of sale the sheriff shall give to each purchaser a certificate containing a particular description of the property sold, the whole purchase price, the amount paid in cash, the dates upon which future payments will become due and a statement that such sale is made subject to the right of any municipal corporation to purchase such property as by law provided.

"Upon the close of said sale the sheriff shall make return of his proceedings upon said order of sale. If any of the parcels so sold shall be situated wholly or partially within the corporate limits of any municipal corporation, and such municipal corporation has filed with the clerk a notice of claim, as hereinbefore provided, the clerk of the county court or board of county commissioners shall, upon the filing of the sheriff's return of sale, give written notice by registered mail addressed to the city recorder, auditor or secretary, as the case may be, of such municipal corporation that a *bona fide* offer has been received by such county for the purchase of such property, and such clerk thereupon shall file his certificate showing the fact of the giving of such notice."

■ On a casual reading of the excerpts hereinabove quoted, it might appear that the provisions of the two sections are inconsistent. It is the duty of the court, however, to construe together laws on the same subject and, if possible, give effect to the provisions of each. The history of the two enactments in question will, we believe, make it clear that the provisions of the two acts are not in conflict.

Until 1919 counties did not, in reselling property acquired on foreclosure of tax liens, take into account assessments for local improvements. See chapter 408, Laws 1917 (§ 4370, O. L.). In 1919, the legislature, by § 6 of chapter 239 of the laws of that year (§ 4348, O. L.), provided that when property was purchased by the county at tax sale the title to such property should vest in the county free and clear of the lien of any assessment for local improvements, but granted to municipal corporations the exclusive right, for a period of 60 days from the date of such sale, to purchase the property from the county "for such a price as the county court may fix". The 1919 law was an original enactment, and nowhere therein appears any reference to the 1917 act above mentioned. Both the 1917 and 1919 acts were amended from time to time and no reference was made in the amendment of either to the other act or its amendments, until 1933.

The county was not required, until the legislature in 1933 passed an act to which attention will presently be directed, to notify a municipal corporation in any manner that it proposed to resell lands acquired by the county at tax foreclosure sale. Any municipality, however, that had a lien for local improvements on property located within its corporate limits had an exclusive right for a period of sixty days from the

date of the sale to the county to purchase such land from the county on certain conditions.

In 1933 the procedure for the resale of real property within the corporate limits of a municipality, by the county, was materially changed. Section 2 of chapter 283, Oregon Laws 1933, amended § 69-836, Oregon Code 1930 (which was the amended 1917 enactment above mentioned), as amended by chapter 220, Oregon Laws 1931, to require the sheriff upon receiving an order from the county court or board of county commissioners to sell lands acquired by the county on foreclosure proceedings, to publish a notice of such sale in a newspaper, and further provided that "a copy of such notice shall be served upon each municipality in said county in the same manner as summons are served, and thereupon such municipality shall submit to the sheriff a list of the property contained therein against which such municipality claims assessment liens for local improvements".

The same chapter, 283, Oregon Laws 1933, also amended § 69-813, Oregon Code 1930 (which was the 1919 act theretofore amended), as amended by chapter 379, Oregon Laws 1931, by providing that "before any such property shall be sold by a county to a private purchaser on a resale as provided by said § 69-836, any municipal corporation having any unpaid lien thereon for local improvements shall be given written notice by registered mail addressed to the city recorder or auditor, as the case may be, by the clerk of the county court or board of county commissioners of such county, that a *bona fide* offer has been received by such county for the purchase of such property and such municipality shall have the exclusive right for a period of twenty days from and after the date of such notice to purchase

said tract of land from said county at as favorable a price as is actually offered to any third party".

It is apparent that the only instance in which the county clerk is required by the 1933 enactment to notify the "city recorder or auditor" that a *bona fide* offer has been received by the county on the resale of property acquired by it on tax foreclosure is when the municipality has submitted to the sheriff "a list of the property contained" in the notice of sale "against which such municipality claims assessment liens for local improvements". No practical purpose would be accomplished by requiring the sheriff to serve a copy of the published notice upon each municipality in the county and providing for each municipality claiming a lien for local improvements to submit a list of the property against which it claimed such lien, if it were mandatory upon the county clerk, regardless of the submission of such a list by the municipality, to notify by registered mail the municipality's "city recorder or auditor" that a "*bona fide* offer has been received by the county for the purchase of such property".

Sections 68-813 and 69-836, Oregon Code 1930, were again amended in 1935, the former by chapter 210 and the latter by chapter 269, Oregon Laws 1935 (§§ 69-813 and 69-836, Oregon Code 1935 Supplement). No change material to this discussion, however, was made by either of those amendments.

We now come to the question of whether the 1937 enactments, codified as §§ 86-143 and 110-925, O. C. L. A., have so changed the law as it existed prior thereto (embodied in §§ 69-813 and 69-836, Oregon Code 1935 Supplement) as to require the county clerk to notify by registered mail the "city recorder, auditor or secretary" of a municipality that the county has received

a *bona fide* offer for the purchase of real property on which the municipality has a lien for local improvements, when the municipality has failed to file with the county clerk a description of the property on which it claims such lien.

Section 69-813, Oregon Code 1935 Supplement, was amended by chapter 137, Oregon Laws 1937. That amendment is now codified as § 110-925, O. C. L. A. It did not materially change the existing law in any respect here important.

Section 86-143, O. C. L. A., was enacted as § 3 of chapter 402, Oregon Laws 1937. Section 8 of the same chapter repealed § 69-836, Oregon Code 1935 Supplement. This had the effect of repealing also chapter 248, Oregon Laws 1937, which was an amendment of § 69-836, Oregon Code 1935 Supplement, inasmuch as chapter 402 was enacted after chapter 248 and contained an emergency clause which made it immediately operative. See: *Goodwin & Co. v. Buckley*, 54 Cal. 295; *Ex parte Sohncke*, 148 Cal. 262, 82 P. 956, 2 L. R. A. (N. S.) 813, 113 Am. St. Rep. 236, 7 Ann. Cas. 475; *State v. Schenk*, 238 Mo. 429, 142 S. W. 263; *Duke v. American Casualty Company*, 130 Wash. 210, 226 P. 501; and *Dewey v. City of Des Moines*, 101 Iowa 416, 70 N. W. 605.

Section 86-143, O. C. L. A., requires the sheriff to publish notice of the sale of property in the same manner as did § 69-836, Oregon Code 1935 Supplement; but it does not require him to serve a copy of such notice upon the municipalities in the county, as did § 69-836, Oregon Code 1935 Supplement. Section 86-143, O. C. L. A., further requires, as did the earlier law, that the municipality furnish to the county official designated a list or "description of the property in such notice contained against which such municipal corporation

claims assessment liens for local improvements''. Section 86-143, O. C. L. A., requires the list or description to be furnished to the county clerk, whereas the earlier law stated that it should be submitted to the sheriff.

There is added to the earlier law by § 86-143, O. C. L. A., the provision that upon the return of sale by the sheriff the county clerk shall give notice by registered mail to any municipal corporation ''which has filed with the clerk a notice of claim as hereinabove provided,'' that a *bona fide* offer has been received by the county for the purchase of the property on which the municipal corporation claims liens.

■ In § 86-143, O. C. L. A., there is no specific provision that the municipal corporation shall have a right to purchase the lands on which it has a lien or liens for local improvements. The authority for such purchase by the municipality, as well as the terms and conditions of such purchase, must be found in § 110-925, O. C. L. A., which specifies the time in which the right must be exercised after the municipal corporation has been given notice that a *bona fide* offer has been received by the county for the purchase of the incumbered land. The time, however, when the notice is to be given by the county clerk to the municipality is designated in § 86-143, O. C. L. A., but not in § 110-925, O. C. L. A. We conclude that these two sections, 86-143 and 110-925, O. C. L. A., are not inconsistent or in conflict. The provisions of one are complementary to those of the other.

■■ Before a municipal corporation that claims a lien for local improvements on real property is entitled to be notified by registered mail that the county has received a *bona fide* offer for the purchase of such property, it must have delivered to the county clerk a description of the property mentioned in the published

notice of sale on which it claims such lien, which description must have been filed with the county clerk prior to the date set for such sale in the notice published by the sheriff. The plaintiff in this case filed no such description, and therefore it was not entitled to be notified by the county clerk that a *bona fide* offer had been received by the county, as a result of which offer the county sold to Nick Peterson the real property here involved. Nick Peterson, by virtue of his deed from Deschutes county, acquired title to the real property involved herein "free and clear of all assessments for local improvements levied" by the plaintiff.

■ The plaintiff, however, contends that the provision of § 86-143, O. C. L. A., requiring municipal corporations claiming liens for local improvements to furnish to the county clerk a description of the property on which the liens are claimed does not apply to an irrigation district, for the reason that its assessment "roll is filed with the assessor, spread upon the tax rolls as a lien and the lien collected by the sheriff with taxes." This could likewise be said of the assessment rolls of other municipalities, including cities. The act does apply to all municipal corporations claiming liens for local improvements. It requires that any municipal corporation claiming such a lien shall furnish to the county clerk a description of the property contained in the notice published by the sheriff against which its lien is claimed, which clearly indicates that the description of the property is to be filed after the notice has been published.

In the complaint is the following allegation: "That plaintiff irrigation district had no notice, either actual or constructive, of said sale or the proposal to sell." In view of the admission made on oral argument by

counsel for the plaintiff, that the sheriff's deed recited the publication of notice and that the notice was published, we do not construe the quoted allegation to mean that the sheriff did not publish the notice of sale of the property, as required by § 86-143, O. C. L. A.

■ The complaint also contains this allegation: "That at the time of the sale of said land to Deschutes county, Oregon, for taxes there were standing on the tax records of Deschutes county, Oregon, unpaid assessments against said land due the plaintiff irrigation district, which were canceled by the sheriff of Deschutes county." This statement is not explicit enough to designate what assessments were canceled or when such assessments were levied. The complaint is too indefinite to raise any justiciable question in regard to the assessments alleged to have been canceled by the sheriff.

As hereinbefore stated, the circuit court sustained the demurrers of the defendants to the complaint. We are not apprised whether that ruling was made on the ground that the plaintiff was not entitled to any relief as to the property, or on the ground that the court believed that no justiciable question was raised.

■ If the jurisdiction of the court to render a declaratory judgment is properly invoked, it is the duty of the court to render a judgment declaring the rights of the respective parties litigant. As is said in Anderson on Declaratory Judgments, § 101, at page 271:

"Where the petition for declaratory judgment alleged facts sufficient to state a cause of action, a demurrer interposed thereto should not be sustained, even though the plaintiff was entitled to no relief, since the effect of such action on the part of the court would be to hold that the plaintiff had not alleged facts sufficient to constitute a cause of action. Where the plain-

tiff's pleading in a proceeding for declaratory judgment alleged facts sufficient to state a cause of action, the court must state the rights, if any, to which the plaintiff is entitled, and can not summarily dispose of the case as involving a question of sufficiency of the plaintiff's pleading on demurrer.''

■ A demurrer to an application for declaratory judgment on the ground that the application does not state facts sufficient to constitute a cause of suit or action should be overruled if the application does in fact state a justiciable controversy between the parties, even though the plaintiff is not entitled to relief. In the event that the defendant refuses to file an answer, the court must nevertheless proceed to enter a declaration of the rights of the parties. The initial pleading in such cases should, and ordinarily does, set forth the claims of adversary parties and ask for a declaration of their respective rights.

■ The complaint or application herein sets forth a justiciable controversy between the parties, within the meaning of §§ 6-601 et seq., O. C. L. A., and asks for a declaratory judgment. Inasmuch as the circuit court did not enter a declaration of the rights of the respective parties, the judgment appealed from is reversed and the cause is remanded to that court with instruction to enter judgment in accordance with this opinion. Neither party will recover costs in this court.

BELT, J., did not participate in this decision.