Argued July 12, reversed November 1, 1977

CITY OF HERMISTON, *Respondent,*
*v.*
EMPLOYMENT RELATIONS BOARD et al,
*Petitioners.*
(ERB C 75-75, CA 6348, SC 25229)

570 P2d 663

W. Michael Gillette, Solicitor General, Salem, argued the cause for petitioner Employment Relations Board. With him on the brief were Lee Johnson, Attorney General, and Catherine Allan, Assistant Attorney General.

William F. Greer, Jr., of Erickson & Greer, Tualatin, argued the cause and filed briefs for petitioner Hermiston City Police Association.

John W. Osburn, Portland, argued the cause for respondent City of Hermiston. Rustin A. Brewer, Hermiston, filed the brief.

Don S. Willner of Willner, Bennett, Riggs & Skarstad, Portland, filed briefs for Oregon State Fire Fighters Council as amicus curiae.

Liana Colombo and Henry H. Drummonds of Kulongoski, Heid, Durham & Drummonds, Eugene, filed briefs for Public Employees Council 75, AFSCME, AFL-CIO as amicus curiae.

Thomas F. Levak of Carney, Probst & Levak, Portland, filed a brief for Oregon Council of Police Associations and International Association of Fire Fighters, Local 1660, as amicus curiae.

Orval Etter and Stanton F. Long of Johnson, Harrang & Mercer, Eugene, filed a brief for Cities of Beaverton, Eugene, Gladstone, Gresham, Lake Oswego, Medford, Milwaukie, Pendleton, Salem, Sandy, Troutdale, and West Linn, and Washington County as amici curiae.

LINDE, J.

**LINDE, J.**

The state Employment Relations Board seeks reversal of a decision of the Court of Appeals which set aside a board order for a representation election among the police employees of the City of Hermiston.

In June 1975 the board conducted a hearing on the petition of the Hermiston City Police Association requesting a representation election, under ORS 243.650 - 243.782, for a bargaining unit to be composed of all nonsupervisory employees of the city police department. The city objected to the proceeding on the ground that the board had no legal authority over the representation of municipal employees and refused to participate further. The board's hearing officer proceeded to hear the association's testimony respecting the basis of the board's authority and the supervisory status of one lieutenant and two sergeants. The city's objection to jurisdiction was treated as a motion to dismiss the petition. Upon an extensive review of the legal and factual issues, the board subsequently concluded that the statutory procedures validly applied to the city employees in question and that the appropriate bargaining unit consisted of all police employees other than the chief and lieutenant, and it ordered its executive secretary to conduct an election for the employees in this unit.

The city then petitioned the Court of Appeals for review of this order of the board. The Court of Appeals accepted review and reversed the order. 27 Or App 755, 557 P2d 681 (1976). We granted review because there is a substantial question whether the Court of Appeals correctly denied the application of ORS ch. 243 to the city. Upon examination, we find that the city's petition was premature and that the Court of Appeals never acquired jurisdiction in this case.

Neither the parties nor the court stated a jurisdictional basis for the court's review of an order of the

Employment Relations Board that does no more than direct the board's officers to conduct an election among designated employees. Judicial review of the board's order is governed by the Administrative Procedure Act, ORS 183.480. This section limits review to "final orders," and an order merely finding an employer to be covered by the act and ordering an election is not a final order. *Lane Council of Governments, Employer v. Lane Council of Governments Employes Association,* 277 Or 631, 561 P2d 1012, *reh. den.* 278 Or 335, 563 P2d 729 (1977).

It appears that the Court of Appeals overlooked its own prior conclusion on the identical point in *Klamath County v. Laborers Inter. Union,* 21 Or App 281, 534 P2d 1169 (1975), a conclusion we endorsed in *Lane Council of Governments, supra.* In *Klamath County,* as in this case, the public employer objected to a proposed bargaining unit of the employees of one of its departments and appealed when the board designated the unit and ordered a representation election. After reviewing the certification procedure under ORS ch.243, the opinion stated:

> From the above discussion it is evident that the designation of an appropriate bargaining unit is but one step in a procedure which requires many decisions by PERB, and by itself, the designation has no legal consequences. Only when an exclusive bargaining agent is certified does the designation of the bargaining unit begin to affect the employer. If, for example, an election is never held because all of the proposed bargaining representatives withdraw as allowed by OAR 115-13-070(3), or if the majority of the employes in the proposed bargaining unit vote for no representation, the designation of the appropriate bargaining unit will have no · effect on the employer, or on future PERB actions. . . . 21 Or App at 286-287.

The opinion continued:

> . . . Since (1) the designation of an appropriate

bargaining unit is but one step in the process of certifying a bargaining agent with whom the employer is obligated to bargain, (2) several other actions by PERB are necessary to complete the process, and (3) the designation could be of no effect if the employes vote for no representation, we hold that the designation of an appropriate bargaining unit is not a "final order" as the term is used in ORS 183.480.[1] 21 Or App at 287.

In *Lane Council of Governments, supra,* this court later reached the same result when another employer sought review of the board's denial of a motion to dismiss its employees' petition for lack of jurisdiction, agreeing with the dissent of Chief Judge Schwab below that an order by ERB denying a motion to dismiss such a proceeding is not a "final order" under ORS 183.480. 277 Or at 636. In that case, as apparently in the present one, the parties sought to obtain a preliminary adjudication whether the employer was bound by the statute without awaiting an election and a final order of the board. But the jurisdiction of the Court of Appeals is defined by statute and, as we said in that case, the parties cannot confer jurisdiction on the court by stipulation.[2] *Ibid.* If the employers and employees concerned with the operation of ORS ch. 243 deem it better policy to provide for interlocutory review of disputed issues of coverage before an election is held and before any final order is issued, that statutory change can only be made by the legislature, not by this court.

---

[1] The opinion pointed out that this conclusion corresponds to the rule under the National Labor Relations Act, citing *Boire v. Greyhound Corp.,* 376 US 473, 84 S Ct 894, 11 L Ed 2d 849 (1964). *See* 29 USC §160(e), (f); *American Fed. of Labor v. NLRB,* 308 US 401, 60 S Ct 300, 84 L Ed 347 (1940).

[2] Both decisions also noted that the board had "probable cause" to proceed and that the mere scheduling of a representation election is not claimed to cause "substantial and irreparable harm if interlocutory relief is not granted" within the exception allowed by ORS 183.480(3). The same applies here. Nor did the parties obtain a declaratory order from ERB under ORS 183.410. *Cf. Lane Council of Governments, supra.*

As in the case of *Lane Council of Governments, supra,*[3] it follows that the decision of the Court of Appeals on the issues in the present case is nullified and cannot properly be considered as establishing a correct decision of those issues.

Reversed.

___

[3] *Cf. also Beaverton v. I. A. Fire Fighters,* 20 Or App 293, 531 P2d 730 (1975), similarly lacking any apparent consideration of a basis for the court's jurisdiction. *See* ORS 183.480-183.484, 183.310(2), (4).