Argued and submitted May 19, affirmed June 8, reconsideration denied July 22, petition for review denied August 31, 1983 (295 Or 617)

LENT,
*Appellant,*

*v.*

EMPLOYMENT RELATIONS BOARD OF
THE STATE OF OREGON et al,
*Respondents,*

AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL
EMPLOYES, COUNCIL 75,
*Intervenor-Respondent.*

(136,338; CA A27426)

664 P2d 1110

William F. Gary, Solicitor General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and Jan Peter Londahl, Assistant Attorney General, Salem.

J. Michael Alexander, Salem, argued the cause for respondent Employment Relations Board. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

F. Peter Deluca, Salem, argued the cause and filed the brief for respondent Oregon Public Employes Union.

Robert Durham, Portland, argued the cause for intervenor-respondent American Federation of State, County and Municipal Employes, Council 75. On the brief were Henry H. Drummonds, and Kulongoski, Heid, Durham & Drummonds, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The plaintiff in this declaratory judgment action is the Chief Justice of the Oregon Supreme Court and administrative head of the Judicial Department of the state government. He contends that his labor relations with employes of the Judicial Department are not subject to the Public Employe Collective Bargaining Act (PECBA) (ORS 243.650 *et seq.*), because (1) his authority under ORS 1.002 and 1.008[1] is inconsistent with and prevails over the provisions of PECBA and (2) the separation of powers section of the Oregon Constitution, Article III, § 1, prohibits the legislature and the Employment Relations Board from imposing or enforcing the requirements of PECBA in connection with Judicial Department employment relations. Defendant Employment Relations Board (ERB) moved the trial court for judgment on the pleadings, and defendant Oregon Public Employes Union (OPEU) and the intervenor (AFSCME) joined in the motion. The trial court granted the motion and entered a judgment

> "* * * declaring that the exercise of the Plaintiff of the personnel administration functions delegated by the Court Reform Act are subject to the provisions of the PECBA in ORS Chapter 243, and that there does not exist an unconstitutional infringement on the judiciary by either the Legislative or Executive Branch of the government."

Plaintiff appeals. We affirm.

The relevant facts, as stated in plaintiff's brief, are:

> "Plaintiff * * * is charged by law with the exercise of * * * administrative authority over employes of the Judicial department.

> "Defendant [ERB] is a state agency within the Executive department of government in this state created and charged, pursuant to ORS 243.682, *et seq.*, with determining representation questions involving labor organizations and certain public employes, including state employes.

---

[1] ORS 1.002 and 1.008 were enacted, respectively, by Or Laws 1981 (Special Session), ch 1, § 3, and Or Laws 1981 (Special Session), ch 3, § 4. The parties sometimes refer to the 1981 legislation as the Court Reform Act of 1981. Plaintiff indicated at oral argument that his statutory argument is also premised on other provisions of the 1981 legislation but only insofar as they refer to the authority over personnel and personnel planning conferred on plaintiff by ORS 1.008.

"[OPEU] is a labor organization whose activities include the organization and representation of state employes for collective bargaining.

"The controversy and uncertainty giving rise to this claim for declaratory relief is based upon the following:

"A.   Pursuant to legislation enacted in 1981, plaintiff, * * * has the duty to 'establish and maintain, consistent with applicable provisions of law: (1) a personnel plan for officers, other than judges, and employes of the courts of this state who are state officers or employes, governing the appointment, promotion, classification, minimum qualifications, compensation, expenses, leave, transfer, layoff, removal, discipline and other incidents of employment of those officers and employes.' (Or Laws 1981 ch 3, § 4 (special session) (ORS 1.008)). This legislation was enacted subsequent to the basic provisions of Chapter 243 of the Oregon Revised Statutes which came into existence in 1973.

"B.   Defendant OPEU has filed a representation petition with defendant ERB seeking selection pursuant to ORS 243.686 as exclusive bargaining agent for certain state court system employes who are subject to the administrative authority of the plaintiff. The defendant OPEU asserts the further right should it be recognized and certified as the collective bargaining agent for said employes, to engage in collective bargaining activities with the plaintiff about terms and conditions of employment, including questions of compensation, expenses, leave, transfer, layoff, removal, discipline and other incidents of employment affecting state court system employes who are subject to the administrative authority of the plaintiff.

"C.   The defendant ERB has asserted jurisdiction in the matter and directed the plaintiff to participate in the pre-election procedures leading to certification of OPEU. Upon information and belief, should OPEU prevail at the requested election, ERB would certify it as the exclusive bargaining agent for certain state court system employes."[2]

Plaintiff does not dispute that the Judicial Department comes within PECBA's definition of a "public employer" or that the department's employes are "public employes" for purposes of PECBA. ORS 243.650(18), 243.650(17). He does

___

[2] In their briefs, ERB and OPEU accept plaintiff's statement of facts. AFSCME's brief contains a supplemental statement of facts which is informative but not essential to an understanding of the issues to be decided in this appeal.

not argue that PECBA is inapplicable *by its terms* to Judicial Department employment relations.

■        Plaintiff's principal statutory argument[3] is that, notwithstanding the facial applicability of PECBA to the Judicial Department and its employes, PECBA is inconsistent with and inapplicable because of the authority over personnel and employment relations that ORS 1.002 and 1.008 confer on plaintiff. ORS 1.002 provides, in relevant part:

> "(1)   The Supreme Court is the highest judicial tribunal of the judicial department of government in this state. The Chief Justice of the Supreme Court is the presiding judge of the court and the administrative head of the judicial department of government in this state. The Chief Justice shall exercise administrative authority and supervision over the courts of this state consistent with applicable provisions of law and the Oregon Rules of Civil Procedure. The Chief Justice, to facilitate exercise of that administrative authority and supervision, may:

> "(a)   Make rules and issue orders appropriate to that exercise.

> "(b)   Require appropriate reports from the judges, other officers and employes of the courts of this state and municipal courts.

> "(c)   Take other action appropriate to that exercise.

> "* * * * *

---

[3] At oral argument in this court plaintiff placed some reliance on ORS 243.696, a section of PECBA which provides:

> "The Executive Department of the State of Oregon shall represent all *state agencies* which have bargaining units in collective bargaining negotiations with the certified or recognized exclusive representatives of all appropriate bargaining units of exempt, unclassified and classified employes, except those unclassified employes governed by the provisions of ORS 240.240. The Executive Department may delegate such collective bargaining responsibility to operating agencies as may be appropriate." (Emphasis supplied.)

The term "state agencies" is not defined in ORS 243.696 or elsewhere in PECBA. However, other statutes define the same or similar terms to include only executive bodies or to except the "legislative and judicial branches." *See* ORS 183.025(2)(b), 183.310(1). ORS 243.696 therefore does not make the Executive Department plaintiff's bargaining representative for purposes of PECBA.

The fact that the Judicial Department is not mentioned in or subject to ORS 243.696 has no bearing on whether the legislature intended that PECBA apply. Cities, counties and other bodies which are specifically enumerated as "public employers" in ORS 243.650(18) are also not referred to in or subject to ORS 243.696.

"(3)   The judges, other officers and employes of the courts of this state shall comply with rules made and orders issued by the Chief Justice. Rules and orders of a court of this state, or a judge thereof, relating to the conduct of the business of the court shall be consistent with applicable rules made and orders issued by the Chief Justice.

"* * * * *"

ORS 1.008 provides, as material:

"The Chief Justice of the Supreme Court shall establish and maintain, consistent with applicable provisions of law:

"(1)   A personnel plan for officers, other than judges, and employes of the courts of this state who are state officers or employes, governing the appointment, promotion, classification, minimum qualifications, compensation, expenses, leave, transfer, layoff, removal, discipline and other incidents of employment of those officers and employes."

Plaintiff's argument here is *generally* similar to the statutory argument made by the juvenile court judge in *Circuit Court v. AFSCME,* 61 Or App 311, 657 P2d 1237, *rev allowed* 294 Or 749 (1983). We rejected that argument and held that ORS 419.604(1), which authorizes a juvenile court judge to appoint juvenile counselors "to serve at the pleasure of and at a salary designated" by him, is not inconsistent with PECBA in any way that precludes the simultaneous application of the statutes.

The principal difference between the argument we rejected in *Circuit Court* and plaintiff's statutory argument in this case is, of course, that the statutes which are claimed to be in conflict with PECBA are different. However, the basic reasoning which led us to our conclusion in *Circuit Court* is as germane here. We said there:

"* * * [T]he difficulty with [the judge's] statutory argument is that the stated authority over employment and employment conditions that various statutes confer on various public employers who are clearly subject to PECBA is as broad as the authority ORS 419.604(1) gives juvenile court judges. * * *" 61 Or App at 314.

Moreover, the language of ORS 1.002 and 1.008 relating to plaintiff's authority over personnel is not as broad or unconditional, and therefore not as *arguably* inconsistent with PECBA, as the language of ORS 419.604(1). Plaintiff's

authority under both ORS 1.002 and 1.008 must be exercised "consistent[ly] with applicable provisions of law." ORS 419.604(1) contains no corresponding *express* conditions or limitations on the authority of juvenile court judges to hire, fire and fix compensation. Nothing in ORS 1.002 or 1.008 expressly excepts the Judicial Department from the requirements of PECBA; nothing in ORS 1.002 or 1.008 suggests that PECBA is not among the "applicable provisions of law" to which plaintiff's authority under those statutes is subject. We conclude that PECBA applies to the Judicial Department and that PECBA is not inconsistent with ORS 1.002 or 1.008.

■ Plaintiff next argues that the application of PECBA to employment relations between the Judicial Department and its employes violates the separation of powers requirement of Article III, § 1 of the Oregon Constitution. Given the facts here, *Circuit Court v. AFSCME, supra,* is controlling and contrary to plaintiff's constitutional argument.

Although the parties do not raise it, there is a question whether plaintiff failed to exhaust administrative remedies before bringing the action and, if so, whether that is a jurisdictional problem. According to plaintiff's complaint, ERB "has asserted jurisdiction in the matter" and has ordered that "plaintiff * * * participate in the pre-election procedures leading to certification of OPEU." In *City of Hermiston v. ERB,* 280 Or 291, 570 P2d 663 (1977), the Supreme Court held that an ERB order for a representation election was not final and appealable. The court said that ORS 183.480 "limits review to 'final orders,' and an order merely finding an employer to be covered by [PECBA] and ordering an election is not a final order." 280 Or at 294. The court explained, quoting from *Klamath Co. v. Laborers Inter. Union,* 21 Or App 281, 534 P2d 1169 (1975):

> "... Since (1) the designation of an appropriate bargaining unit is but one step in the process of certifying a bargaining agent with whom the employer is obligated to bargain, (2) several other actions by PERB are necessary to complete the process, and (3) the designation could be of no effect if the employes vote for no representation, we hold that the designation of an appropriate bargaining unit is not a 'final order' as the term is used in ORS 183.480. 21 Or App at 287." 280 Or at 294-95. (Footnote omitted.)

Consequently, the Supreme Court held that this court lacked jurisdiction in *City of Hermiston* and erred by reaching the merits of the city's contention that the application of PECBA to Home Rule cities violated the Oregon Constitution. 27 Or App 755, 557 P2d 681 (1976).

Like the appellant in *City of Hermiston*, plaintiff has not yet become subject to any specific requirements of PECBA except that he participate in pre-certification procedures which are preliminary to and which he only speculates will result in any actual impact on the conduct of employment relations. It may follow that the trial court should not have entertained this declaratory judgment action, because plaintiff did not follow an exclusive statutory procedure or exhaust administrative remedies before ERB before bringing the action. The corollary of the conclusion in *City of Hermiston* that the pre-certification order was not final is that the administrative process there had not been exhausted. *See Bay River v. Envir. Quality Comm.,* 26 Or App 717, 554 P2d 620, *rev den* 276 Or 555 (1976).

Although exhaustion of remedies has been referred to in the case law as a "jurisdictional" matter, *see Bay River v. Envir. Quality Comm., supra,* 26 Or App at 719, we are aware of no Oregon appellate *holding* that a party's failure to exhaust remedies requires a court to dismiss the party's action *sua sponte.* There is a dictum in *Marbet v. Portland Gen. Elect.,* 277 Or 447, 456, 561 P2d 154 (1977), to the effect that the exhaustion requirement is "flexible" and is not applicable in all situations where judicial relief is sought while administrative remedies remain available. It *may* follow from that that exhaustion is *never* a *jurisdictional* issue, because the courts may always consider whether exhaustion should be demanded in a particular situation. Whether the *Marbet* dictum can be reconciled with the reasoning of *City of Hermiston* for purposes of *this* situation is problematical. However, we conclude in the light of *Marbet* that it is unnecessary for us to inquire on our own motion or decide whether plaintiff exhausted administrative remedies.

We hold that there is no statutory inconsistency that precludes PECBA's application to Judicial Department employment relations and that the application of PECBA to them is constitutional.

Affirmed.