Argued and submitted November 26, 1985, reversed and remanded July 23, 1986

# REYNOLDS,
*Appellant,*

*v.*

## STATE BOARD OF NATUROPATHIC EXAMINERS et al,
*Respondents.*

(A8302-00829; CA A32882)

722 P2d 739

Vernon Cook, Gresham, argued the cause and filed the briefs for appellant.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

Warden, J., concurring.

## NEWMAN, J.

Plaintiff appeals from the dismissal of his action for a declaratory judgment that he may administer therapeutic and nutritional substances by injection. Defendants had moved to dismiss the complaint on the grounds that it failed "to state ultimate facts sufficient to constitute a claim and state a justiciable controversy." ORCP 21A. We reverse and remand.

Plaintiff is a licensed naturopathic physician. ORS 685.030(4) provides:

"Nothing in [ORS ch 685, which governs licensing and regulating naturopaths] shall be construed to:

"* * * * *

"(4) Authorize the administration of any substance by the penetration of the skin or mucous membrane of the human body for a therapeutic purpose."

He alleged that, under the authority of that statute, the State Board of Naturopathic Examiners forbids naturopaths to give injections of vitamins, minerals and non-poisonous plant substances; that the State Board of Pharmacy forbids pharmacists to dispense substances in injectable form to naturopaths; that both defendants incorrectly interpret ORS 685.030(4) because the provision, "by its own words and within the context of ORS Chapter 685, does not proscribe or prohibit naturopathic physicians from administering the aforesaid substances in injectable form by hypodermic syringe;" that patients of plaintiff will need and want injections of such substances from plaintiff; that physicians and practitioners of other schools of medicine within the healing arts may treat patients with such injections; that a dispute exists between the parties as to the meaning and effect of ORS 685.030(4); that plaintiff is subject to penal prosecution if he gives such injections; and:

"The statute * * * is wholly without rational relationship to the furtherance of the public health, safety and welfare * * *.

"The statute * * * has the effect of granting to similarly situated practitioners of other schools of medical science * * * the privilege of practicing * * * to their full efficacious extent while denying that same privilege to plaintiff, and his patients, * * * denying their co-equal status. This violates Article I, Section 20, of the Constitution of the State of

Oregon and the XIV Amendment, Section 1, of the United States Constitution.

"The statute * * * is overbroad in effect and inflicts a significant and undue burden upon plaintiff and his patients' personal liberty * * *.

"The statute * * * denies to plaintiff and his patients, the right to choose and to administer and to receive naturopathic treatment * * * though they are alike in all material respects to the practitioners, and their patients, of other schools of medical science within the healing arts who are permitted to administer and receive the same treatment."

We hold that the complaint does state a justiciable controversy:

"In order for a court to entertain an action for declaratory relief [under the Uniform Declaratory Judgment Act, ORS 28.010 *et seq.*], the complaint must present a justiciable controversy. Justiciability is a vague standard but entails several definite considerations. A controversy is justiciable, as opposed to abstract, where there is an actual and substantial controversy between parties having adverse legal interests. *Cummings Constr. v. School Distr. No. 9,* 242 Or 106, 408 P2d 80 (1965). The controversy must involve present facts as opposed to a dispute which is based on future events of a hypothetical issue. *Id.* A justiciable controversy results in specific relief through a binding decree as opposed to an advisory opinion which is binding on no one." *Brown v. Oregon State Bar,* 293 Or 446, 449, 648 P2d 1289 (1982).

Here, the parties have adverse legal interests in the determination that plaintiff seeks. The facts are not hypothetical. The complaint asserts that plaintiff has a present and personal interest in the resolution of the controversy. The controversy is "actual and substantial," because plaintiff could be criminally prosecuted for violation of the provisions of ORS ch 685, *see* ORS 685.210(1); ORS 685.990; *Gaffey v. Babb,* 50 Or App 617, 624 P2d 616, *rev den* 291 Or 117 (1981), and because he alleges a need to administer the injections to his patients. Plaintiff need not allege that he has actually been prosecuted. *See Gaffey v. Babb, supra.*

Because the complaint presents a justiciable controversy, the court could not dismiss it for failure to state ultimate facts sufficient to constitute a claim for relief. ORCP

21A. In *Lewis v. Miller,* 197 Or 354, 358-59, 251 P2d 876 (1952), the Supreme Court said:

> "[A] demurrer to an application for declaratory judgment, on the ground that an application does not state sufficient facts to constitute a cause of suit or action, should be overruled if the application for a declaratory decree does in fact * * * state a justiciable controversy between the parties, even though the plaintiff is not entitled to relief."

*See also Webb v. Clatsop Co. School Dist. 3,* 188 Or 324, 332, 215 P2d 368 (1950); *Cabell et al. v. Cottage Grove et al.,* 170 Or 256, 262, 130 P2d 1013 (1943); *Central Or. Irr. Dist. v. Deschutes Co.,* 168 Or 493, 507, 124 P2d 518 (1942); *Goose Hollow v. City of Portland,* 58 Or App 722, 726, 650 P2d 135 (1982); *Hupp v. Schumacher,* 29 Or App 9, 12, 562 P2d 217 (1977); *Harrison v. Port of Cascade Locks,* 27 Or App 377, 379 n 1, 556 P2d 160, *rev den* 277 Or 1 (1977).[1]

Defendants acknowledge that it is wrong to dismiss a complaint for declaratory relief on the ground that it fails to state a claim, if it alleges a justiciable controversy. They argue, however, that

> "[a]ny error by the trial court was plainly harmless. Even if defendants were not entitled to dismissal, they would be entitled * * * to a judgment on the pleadings * * *. *See* ORCP 21B."

We express no opinion on the merits of this case, because defendants have not yet answered and moved for a judgment on the pleadings.[2]

---

[1] Defendants do not suggest that there was any available remedy which plaintiff failed to pursue before bringing this action. We held in *Lent v. ERB,* 63 Or App 400, 664 P2d 1110, *rev den* 295 Or 617 (1983), that whether a party has exhausted administrative remedies is not a jurisdictional question and need not be considered by the court *sua sponte.* We, therefore, do not decide whether plaintiff was obliged to seek a declaratory ruling pursuant to ORS 183.410 before seeking judicial relief. We have also considered whether, and find no basis for concluding that, there is any exclusive procedure under ORS 183.310 to ORS 183.500 which precludes this declaratory judgment action.

[2] *See Cabell et al. v. Cottage Grove et al., supra,* 170 Or at 262:

> "Since the complaint stated a justiciable controversy, the demurrers should have been overruled, and, after the filing of an answer which presumably would have admitted the existence of the controversy alleged, a decree containing a declaration of rights should have been entered."

*See also Goose Hollow v. City of Portland, supra,* 58 Or App at n 8; *Webb v. Clatsop Co.*

Reversed and remanded.

**WARDEN, J.,** concurring.

I concur in the majority's opinion and its result. I write only to decry that we must send this case back to the trial court, even though plaintiff obviously is not entitled to relief.

---

*School Dist. 3, supra,* 188 Or at 332:

"[E]ven though the plaintiffs had not been entitled to a favorable declaration upon the facts stated in their complaint, if the complaint states a justiciable controversy between the parties the general demurrer thereto should have been overruled, and the controversy should have been determined by a judicial declaration."