Argued and submitted March 3, reversed and remanded August 13, 1986

## CITY OF TURNER,
*Appellant,*

*v.*

## CITY OF SALEM,
*Respondent.*

(151,204; CA A36505)

723 P2d 364

Sharman R. Meiners, Stayton, argued the cause for appellant. With her on the brief were Murley M. Larimer and Larimer & McGehee, Stayton.

David J. De Martino, Deputy City Attorney, Salem, argued the cause for respondent. With him on the brief was William J. Juza, City Attorney, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals from the trial court's judgment of dismissal in this declaratory judgment action and contends that the court erred by granting defendant's motion for summary judgment.

Plaintiff purchases water from defendant pursuant to a May, 1957, agreement. Paragraph 4 of that agreement provides, in part:

> "* * * For water so taken by the City of Turner, said city shall pay the City of Salem such rates or charges as are made to other wholesale water consumers served by the City of Salem and, until a definite rate is fixed, shall continue to pay the rate that the city of Turner is paying at the present time."

Between 1957 and 1984, defendant changed its rates to plaintiff and its other customers periodically. Plaintiff brought this action in August, 1984, alleging that defendant was "threatening" further rate increases and that the parties disagreed about the meaning and application of paragraph 4 of the agreement. Plaintiff sought a declaration as to the meaning of certain terms in paragraph 4 and a direction to defendant to charge plaintiff in accordance with the court's construction of the contract.

After plaintiff filed its complaint, defendant changed its water charges. Plaintiff's rate was reduced. Although plaintiff had previously been charged the same rate as other wholesale water consumers, the new rate was lower than the one charged other wholesale customers. Defendant moved for summary judgment, asserting that the action is moot and that there is no justiciable controversy, because the "current rate for plaintiff is lower than the water rate permitted by the 1957 agreement." Defendant also based its motion on the statement in a 1977 letter from plaintiff's attorney:

> "As long as Turner is treated the same as others in its class of use, per its contracts of [sic] Salem, Turner will agree to the applicable rates."

Defendant therefore argued in its memorandum supporting its summary judgment motion:

> "* * * Plaintiff's complaint does not allege that it is paying a higher rate than is paid to other wholesale consumers. By paying the applicable rate and by plaintiff's letter of June 22,

1977, plaintiff waived all rights and are [*sic*] estopped to deny that it has not paid a definite rate, the same as paid by the other wholesale water consumers. * * *"

The trial court granted the motion. It explained in its judgment:

"(1)   THAT there is no material issue of fact in respect to plaintiff's complaint for declaratory judgment and that the defendant is entitled, as a matter of law, to a judgment dismissing said claim since plaintiff has failed to show the presence of a justiciable controversy;

"(2)   THAT it is not the function of the court to interpret terms of a contract when said interpretation will have no effect on implementation of the contract;

"* * * * *."

We agree with plaintiff that the granting of summary judgment was error. It sought a declaration concerning the meaning of the terms in the contract paragraph governing the fixing of rates. Defendant's showing in support of its motion in no way negated the existence of a controversy over the meaning or operation of those terms. As plaintiff notes, the "latest [rate] change * * * was a decrease but could have as easily been an increase." It is simply no answer to plaintiff's contention that there is a controversy over how rates are established under paragraph 4 to say, as defendant in effect does, that there is no controversy because the current rates are favorable to plaintiff.

Defendant's reliance on the letter from plaintiff's attorney is also unavailing, because the letter does not fit the facts as defendant posits them for purposes of its summary judgment motion. The letter attests that plaintiff will agree to the applicable rates "[a]s long as [it] is treated the same as others in its class of use." However, defendant's motion was predicated on the fact that now, for the first time, plaintiff is being treated differently from the class of wholesale customers with which the agreement associates it. Although the treatment may be more favorable than that being accorded the other members of the class, the apparent point of plaintiff's action is that it wants to have its rights and responsibilities under paragraph 4 declared rather than receive beneficial rate treatment at defendant's whim (unless, or course, the correct

interpretation of paragraph 4 is that defendant's whim is the ultimate rate setting mechanism).[1]

Reversed and remanded.

---

[1] We therefore need not decide whether the waiver or estoppel argument that defendant bases on the letter could properly be resolved by summary judgment. The grounds for our decision also make it unnecessary for us to decide whether summary judgment is an appropriate method for deciding justiciability issues in declaratory judgment proceedings. *Compare Reynolds v. State Board of Naturopathic Exam.*, 80 Or App 438, 722 P2d 739 (1986) (holding that motions to dismiss are seldom if ever appropriate for deciding such issues).