Argued and submitted November 20, 1985, reversed and remanded on appeal, affirmed
on cross-appeal September 10, 1986

AETNA CASUALTY AND SURETY COMPANY,
*Appellant - Cross-Respondent,*

*v.*

SMITH,
dba S & K Painting,
*Respondent - Cross-Appellant.*

(A8406-03606; CA A34398)

725 P2d 611

Mildred J. Carmack, Portland argued the cause for appellant - cross-respondent. With her on the briefs were Thomas V. Dulcich and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Charles F. Adams, Portland, argued the cause for respondent - cross-appellant. With him on the brief were Stephen Simms and Stoel, Rives, Boley, Fraser & Wyse, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

PER CURIAM

## PER CURIAM

Plaintiff insurer brought this action for a declaration that it had no duty to defend or pay an indemnity claim of Portland General Electric (PGE) against defendant Smith, plaintiff's insured.[1] Defendant moved against plaintiff's complaint on the ground that it failed to state ultimate facts constituting a claim, ORCP 21A(8), and, in the alternative, for an order to make more definite and certain. ORCP 21D. The court granted the motion to dismiss, dismissed the complaint "with prejudice and without leave to amend" and ordered entry of final judgment for defendant. ORCP 67B. Plaintiffs appeals.

The court should not have granted defendant's motion, because it states a justiciable controversy. *Reynolds v. State Board of Naturopathic Exam.,* 80 Or App 438, 722 P2d 739 (1986). On the appeal, we reverse and remand.

Defendant cross-appeals from an order denying him attorney fees. Because of our disposition of the appeal, we affirm on the cross-appeal.

Reversed and remanded on the appeal; affirmed on the cross-appeal.

---

[1] The named insured was "S & K Painting dba Steven R. Smith & Joseph R. Kelley." Plaintiff's complaint named "Steven R. Smith and Joseph R. Kelley, dba S & K Painting, a partnership, and Portland General Electric, an Oregon corporation," as defendants. Kelley, however, was never served and has not appeared in this action. We refer to both the partnership and Smith as "defendant."