Argued and submitted November 19, 1986, reversed and remanded June 3, 1987

HALL et ux,
*Appellants,*

*v.*

BOYLES et al,
*Respondents.*

(37476; CA A39103)

737 P2d 968

Gerald A. Martin, Bend, argued the cause for appellants. With him on the brief was Francis & Martin, Bend.

William M. Holmes, Bend, argued the cause for respondents. With him on the brief was Gray, Fancher, Holmes, Hurley & Bischof, Bend.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiffs appeal from a judgment that dismissed their declaratory judgment action. They asked for a declaration that certain agreements bind defendant Elva Richard Boyles,[1] husband of Mabel E. Boyles, by their terms or by estoppel, that his deed to his sons is void and that plaintiffs are entitled to purchase his interest for $8,964.39. The court granted defendants' motion to dismiss the second amended complaint on the ground that it failed "to state ultimate facts sufficient to constitute a claim." ORCP 21A. We reverse.

According to plaintiffs' second amended complaint, on September 6, 1971, Mabel and her husband signed an "Agreement to Buy and Sell" by which plaintiffs agreed to purchase a one-half interest in property that Mabel owned individually. The agreement provides:

"The following is an agreement to buy and sell between Mabel E. Boyles, hereinafter known as the seller, and Fred R. and Mabel M. Hall, hereinafter known as buyers.

"The property to be sold is a fifty (50) per cent interest in the following: [legal descriptions and terms].

"* * * * *

"A buy and sell agreement is to be incorporated in this agreement giving the remaining (or surviving) parties first right of refusal in the event any one of the parties should want out, such agreement to be made up by a competant [sic] attorney. The price in said buy and sell agreement shall be the present fifteen ($15,000) thousand dollar value of the property, plus any subsequent improvements purchased for each or in trade by the parties herein, but not to include the value of any labor furnished by any of the owners or their spouses. In the event that the entire property is sold to someone other than the present owners, the price of said sale shall be agreed upon by all owners and be all that the market will bear.

"Signed this 6th day of September, 1971, at Spring River, Oregon.

"/s/ Mabel E. Boyles

Mabel E. Boyles, Seller

---

[1] E. R. Boyles is also known as Richard E. Boyles and as Elva Richard Boyles. We shall refer to him as "husband."

"/s/ E. R. Boyles
_____
Richard E. Boyles,
Spouse of Seller

"/s/ Fred R. Hall
_____
Fred R. Hall,
Buyer

"/s/ Mabel M. Hall
_____
Mabel M. Hall, Buyer"

On September 17, 1971, plaintiffs and Mabel executed a "Supplemental Buy and Sell Agreement," which provides in part:

"WHEREAS, on the 6th day of September 1971, a certain agreement to buy and sell was entered into by MABEL E. BOYLES as Seller and FRED R. HALL and MABEL M. HALL, husband and wife, as Buyers;

"* * * * *

"WHEREAS, for the purpose of this agreement MABEL E. BOYLES shall be designated as Seller and Fred R. Hall and Mabel M. Hall shall be designated for convenience as the Buyers; and

"WHEREAS, it is desirous that the above-mentioned agreement be made more definite and certain.

"NOW THEREFORE, it is hereby understood and agreed as follows:

"* * * * *

"3.　The person or persons receiving * * * notice [of the seller's or buyer's desire to sell] within the 90-day period of the mailing or delivery thereof shall elect in writing whether such person or persons will purchase or sell said interest at the price and for the consideration designated in the above-mentioned agreement dated the 6th day of September, 1971.

"4.　In the event of the death of seller, MABEL E. BOYLES, her husband E. RICHARD BOYLES, if living shall be entitled to keep the interest in the above-described premises; however, if E. RICHARD BOYLES, the usband [sic] of the Seller, precedes Seller, MABEL E. BOYLES, in death, then upon the death of Seller, MABEL E. BOYLES, FRED R. HALL and MABEL M. HALL or the survivor thereof must purchase the interest owned by MABEL E. BOYLES.

"5. In case of the death of Buyer, FRED E. HALL, then Buyer, MABEL M. HALL, shall be entitled to keep the property; however, upon the death of both, FRED R. HALL and MABEL M. HALL, then MABEL E. BOYLES or her husband shall purchase the interest of the survivor of the HALLS.

"* * * * *

"IN WITNESS WHEREOF, the parties have executed this supplemental agreement this 17th day of September, 1971.

| "/s/ | Mabel E. Boyles |
| --- | --- |
| | SELLER |
| "/s/ | Fred R. Hall |
| | Fred R. Hall |
| "/s/ | Mabel M. Hall |
| | BUYERS" |

Mabel died in 1972. Her husband inherited her interest in the property. In June, 1979, he conveyed his interest to his sons, defendants Byron Boyles and Richard Boyles. In September, 1984, plaintiffs learned of the transfer and tendered $8,964.30 for the property to the husband. He refused the tender.

In Count III (estoppel) of the second amended complaint, plaintiffs incorporated previous allegations by reference and also alleged that the husband had orally expressed his intent when the agreements were executed to be bound by them and later had acknowledged in a letter that he was bound by them.

The court granted defendants' motion to dismiss the complaint and stated:

"[The September 6 agreement] clearly contemplated that the parties to that agreement would further formalize a buy sell agreement. They did so by [the September 17 agreement], which is not ambiguous on its face and does not require [husband] to convey to the plaintiffs, since he is not a party to that agreement, and it clearly shows the plaintiffs' agreement that under the facts alleged [husband] could keep the interest which he conveyed to the other defendants upon his spouse predeceasing him.

"* * * * *

"The acts relied upon for estoppel are that Elva Boyles orally expressed an intent to be bound by [the agreements]. It is also contended that the signing of the letter [from defendants] by Elva Boyles is an act giving rise to the estoppel. However, it is only alleged that the plaintiffs changed their position by reason of the orally expressed intent of Elva to be bound by [the agreements]. There is no allegation to show that after [the letter] was signed the plaintiffs changed their position to their detriment. [The letter] as a matter of law cannot be the act giving rise to any estoppel. Any affirmation by Elva to be bound by [the agreements] would be nothing more than an agreement to abide by the terms of those written agreements. I found them unambiguous and not to bind Elva as a matter of law. Therefore, the alleged act of Elva in agreeing to be bound by those contracts is insufficient upon which to base a claim of estoppel, since all it is alleged he agreed to do was to keep Mabel Boyles' interest if Mabel predeceased him. That is what he has done."

 Although the court's memorandum opinion appears to assess the merits of plaintiffs' claims, the judgment does not declare the rights of the parties. The court's order dismissed plaintiffs' complaint for failure to state ultimate facts sufficient to state a claim. ORCP 21A. A complaint for declaratory relief is sufficient if it alleges a justiciable controversy, even if the plaintiff is not entitled to relief. *Dry Canyon Farms v. U.S. National Bank of Oregon,* 84 Or App 686, 735 P2d 620 (1987); *see also Reynolds v. State Board of Naturopathic Exam.,* 80 Or App 438, 722 P2d 739 (1986). In *Brown v. Oregon State Bar,* 293 Or 446, 449, 648 P2d 1289 (1982), the court stated:

"A controversy is justiciable, as opposed to abstract, where there is an actual and substantial controversy between parties having adverse legal interests. *Cummings Constr. v. School Distr. No. 9,* 242 Or 106, 408 P2d 80 (1965). The controversy must involve present facts as opposed to a dispute which is based on future events of a hypothetical issue. *Id.* A justiciable controversy results in specific relief through a binding decree as opposed to an advisory opinion which is binding on no one."

Here, the parties have adverse interests in the construction of the agreements. The facts are not hypothetical. There is an actual and substantial controversy between the parties about

whether the agreements bind the husband by their terms or by estoppel. The second amended complaint alleges a justiciable controversy, and the court erred when it dismissed it. *Reynolds v. State Board of Naturopathic Exam., supra.*

Reversed and remanded.