In the Matter of the Refusal to
Submit to a Breath Test by:
BLEGEN,
*Respondent,*
*v.*
MOTOR VEHICLES DIVISION,
*Appellant.*
(No. 108830, CA 14374)
608 P2d 565

Mary J. Deits, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Orlin Anson, Salem, argued the cause for respondent. On the brief was Albert C. Depenbrock, Salem.

Before Joseph, Presiding Judge, Richardson, Judge and Schwab, C.J.*

JOSEPH, P.J.

---

*Schwab, C.J., *vice* Lee, J., deceased.

## JOSEPH, P.J.

In an appeal pursuant to ORS 482.560[1] the trial court entered the order shown in the margin.[2] No judgment was entered. The state filed an appeal from the order in this court. Although the order was in all respects wrong, it was not appealable. ORS 19.010; *see City of Hermiston v. ERB,* 280 Or 291, 570 P2d 663 (1977). It will, however, be reviewable when a final judgment is entered.

Appeal dismissed.

---

[1] ORS 482.560:

"(1) If, after a hearing as provided by ORS 482.540 and 482.550, an order of suspension is issued, the person shall have the right, within 30 days after he receives notice of the order of suspension, to appeal the matter by filing a petition in the circuit court for the county where he resides. The court upon receipt of the petition shall set the matter for trial upon 10 days' notice to the division and to the appellant. The trial in the circuit court shall be de novo and the appellant shall have the right to a jury as provided in criminal actions.

"(2) No order of suspension issued in accordance with subsection (1) of ORS 482.550 shall take effect until the time to appeal has expired. If an appeal is filed, the order of suspension shall take effect when affirmed on appeal or when the appeal is dismissed."

[2] "1. That the stop of Petitioner's vehicle by the police officer out of which this action arises was not based upon a reasonable suspicion that the Petitioner had committed a crime; and,

"2. The Petitioner, at the time he was requested to submit to a breath test, was not lawfully under 'arrest for driving a motor vehicle while under the influence of intoxicants.

"NOW, THEREFORE,

"IT IS HEREBY ORDERED AND ADJUDGED:

"1. Petitioner's Motion to Suppress any and all evidence obtained as a product of the stop of Petitioner's vehicle on October 25, 1977 be, and the same hereby is granted.

"2. The Motor Vehicles Division of the State of Oregon is enjoined from suspending Petitioner's driver's license based on Petitioner's alleged refusal to take a breath test on October 25, 1977 until further order of the Court.

"3. In the event the time to appeal this ruling passes with no appeal, judgment for Petitioner shall be entered, which judgment is that the Motor Vehicles Division is entitled to no order suspending the license privilege or permit of the Petitioner to drive a motor vehicle in the State of Oregon pursuant to ORS 482.540 arising out of Petitioner's alleged refusal to take a breath test on October 25, 1977."