972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George John TURNER, Plaintiff-Appellant,
v.
Mark E. CHAMBERLAIN, Portland Police Officer; R. Hunt,
Portland Police Officer; City of Portland,
Defendant-Appellees.
 No. 91-36256.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 27, 1992.*
Decided Aug. 4, 1992.
 
 Before WRIGHT, FARRIS and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A malicious prosecution claim is not normally cognizable under section 1983 if process is available within the state judicial system to provide a remedy. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987). A court may consider such a claim, however, when the malicious prosecution is intended to deprive a person of the equal protection of the laws or other constitutional rights. Id. at 562. To determine whether the alleged malicious prosecution was conducted with the intent to deprive Turner of his rights, we must first decide whether he has stated a claim for malicious prosecution under Oregon law.
 
 
 3
 In Oregon, a plaintiff alleging malicious prosecution must show: initiation of criminal proceedings against him; a termination of those proceedings in his favor; an absence of probable cause to prosecute; and the existence of malice. Rogers v. Hill, 576 P.2d 328, 331-32 (Or.1978).
 
 
 4
 Whether a police officer had a reasonable suspicion to justify an investigatory stop is a mixed question of law and fact reviewed de novo. United States v. Thomas, 844 F.2d 678, 680 (9th Cir.1988). A police officer may make an investigatory stop if he is aware of specific articulable facts upon which he may base a reasonable suspicion that the suspect is engaged in criminal activity. United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989). The totality of the circumstances must be considered in determining whether the stop was reasonable. Id.
 
 
 5
 The evidence here is that at approximately 2:30 a.m., Officer Chamberlain saw Turner standing on a public street, facing an unoccupied building near a known drug house, and that as Officer Hunt passed Turner, Chamberlain thought he attempted to hide. We agree with the district court that these are specific, articulable facts, which together with their rational inferences, support a finding of reasonable suspicion.
 
 
 6
 Chamberlain subsequently approached Turner, patted him down, and asked him to open his hand. When Turner did so, a clear plastic bag fell to the ground. The substance in the bag later tested positive for cocaine. Chamberlain arrested Turner for possession of a controlled substance. The charge was later dismissed after a state court judge granted Turner's motion to suppress. Although Chamberlain initiated criminal proceedings against Turner by arresting him and filing a police report, and the proceedings later terminated in Turner's favor, Turner's malicious prosecution claim is meritless because he is unable to show that malice motivated Chamberlain's actions.
 
 
 7
 Turner also contends that a state court judge's grant of his motion to suppress evidence in his state criminal case precludes the litigation of probable cause in this case. An order granting or denying a motion to suppress is not a final judgment for the purpose of collateral estoppel. Heath v. Cast, 813 F.2d 254 (9th Cir.1987); see also Blegen v. Motor Vehicles Division, 608 P.2d 565, 566 (1980). The state judge's finding of lack of probable cause does not bind us.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3